UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON PAUL ARNOLD,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 2:17-CV-121
(Criminal Case No. 2:13-CR-06)

HON. GORDON J. QUIST

## OPINION DENYING MOTION TO VACATE

On March 17, 2014, a jury returned a guilty verdict for unlawful possession of a firearm by a convicted felon against Jason Arnold; Judge Robert Holmes Bell sentenced Arnold to 60 months imprisonment, with a three year term of supervised release. (No. 2:13-CR-6, ECF No. 68 & 110.) On July 10, 2017, Arnold filed a motion to vacate, set aside, and/or correct his sentence under 28 U.S.C. § 2255. (ECF No. 1.) On December 1, 2017, the government responded to Arnold's motion. (ECF No. 10.)

The government accurately summarized (ECF No. 10 at PageID.43) Arnold's claims as follows:

**Ground 1**) All three of Arnold's attorneys provided ineffective assistance of counsel, and Attorney Zambon had a conflict of interest due to Arnold naming him as a defendant in a civil pleading.

**Ground 2**) Arnold's speedy trial rights were violated.

**Ground 3**) The Court denied his request to call witnesses during trial.

**Ground 4)** The Court denied his right to present evidence on his purported defenses of justification and coercion/duress.

**Ground 5)** The recording of his interview was altered.

**Ground 6)** Attorney Belli failed to raise valid arguments on appeal.

**Ground 7)** The Court changed some of Arnold's pleadings, *e.g.*, from a writ of habeas corpus to a motion for reconsideration.

**Grounds 8 & 9)** Attorney Belli provided ineffective assistance during Arnold's second appeal.

Arnold must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The statute favors granting a hearing, but a hearing is not required if Arnold's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"[1] *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Arnold's claims fit these exceptions, and a hearing is unnecessary.

Claims are procedurally defaulted if they were not raised on direct appeal; Arnold may raise such procedurally-defaulted claims on collateral review only if he can show cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003).

In order to establish an ineffective assistance of counsel claim, a movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068

---

[1] Although released from custody on August 23, 2017, Arnold is still "in custody" for purposes of § 2255 due to his term of supervised release. *See United States v. Sandles*, 469 F.3d 508, 517–18 (6th Cir. 2006).

(1984). The standard for analyzing ineffective assistance claims is "simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065). The Court must presume that the lawyer is competent—the burden is on Arnold, therefore, to demonstrate a constitutional violation. *United States v. Cronic*, 466 U.S. 648, 658, 104 S. Ct. 2039, 2046 (1984).

Arnold's first ground for relief due to ineffective assistance of counsel is meritless. Arnold does not offer supporting facts; instead, he relies upon conclusory allegations, *e.g.*, "Peterson and Zambon are at the very minimum guilty of negligence and mal-practice (sic)." (ECF No. 1 at PageID.1.) Arnold's conclusory statements do not support ineffective assistance under *Strickland*.

Arnold's accusation that attorney Zambon was ineffective due to a conflict of interest is also meritless. In his affidavit, Zambon notes that when he received a "pleading" he "did not seriously consider [it] to be anything other than one of the numerous, incomprehensible documents Mr. Arnold either provided to me during my representation of him or had filed with the court." (ECF No. 9 at PageID.36.) Arnold also never formally served Zambon. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) (noting that "actual knowledge and lack of prejudice cannot take the place of legally sufficient service"). Zambon does not believe he had any conflict of interest due to this pleading. (*Id.*) The record also shows that Arnold was pleased with Zambon as his attorney. (ECF No. 9 at PageID.37.) At sentencing, Arnold stated, "Mr. Zambon is a very good attorney." (Case No. 2:13-CR-6, ECF No. 89 at PageID.597.) Therefore, Arnold's first ground for relief will be rejected.

Arnold's second ground for relief regarding his speedy trial rights is meritless. There are four factors the Court is to consider regarding a defendant's speedy trial rights: length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant.

*Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972). According to Respondent, due to tolling from two competency examinations, extension of motion deadlines, notice of insanity defense, and appointment of a new attorney, Arnold's "speedy trial clock" still had nearly three weeks left when trial commenced. Arnold has also failed to allege facts or make any argument that his case met the *Barker* factors. Arnold has effectively waived this argument by failing to develop the claim; he asserts, in a perfunctory manner, that his right to a speedy trial was denied with malice despite his protestations.

Grounds 3, 4, 6, 8, and 9 are interrelated. Arnold wanted to call witnesses and present evidence related to various defenses he believes he had. He raises these grounds both in regards to his trial and as to his appeals. There is no legal basis for Arnold to have claimed these defenses in light of the applicable law. He was indicted for unlawfully possessing a firearm as a felon, and he readily admitted at trial that he possessed the firearm and is a felon. Raising his purported defenses and evidence at trial would have been meritless, as would presenting the arguments on appeal. Arnold offers broad and conclusory statements in support which do not save his claims.

Ground 5 regarding the alleged altering of the Michigan State Police Recording is meritless. Arnold offers only the conclusory assertion that the recording "was altered, tampered with, and much of the recording was deleted." (ECF No. 1 at PageID.2.) Arnold claims the purportedly deleted portion "would have helped in proving [his] defense." (*Id.*) Arnold's broad conclusions are unsupported by specific supporting facts, and Arnold does not show what impact the alleged missing portion would have had on his trial. Again, at trial, he openly admitted that he was a felon and possessed the firearm and ammunition.

Ground 7 alleges that Judge Robert Holmes Bell altered Arnold's petitions/pleadings. In the underlying criminal case, Arnold filed a number of incoherent documents. For example,

4

Arnold filed a "Petition for Redress of Grievances," in which he stated that he did not consent to statutory military jurisdiction, and released Judge Bell from "his emergency war powers jurisdictional duties." (Case No. 2:13-CR-6, ECF No. 127.) Another filing included excerpts from articles or books, a photograph of a cross in a desert, a book cover, a cartoon, a drawing of a Native American, and the demand for "a new fair trial! One that I am allowed to call 13 witnesses in my defense." (Case No. 2:13-CR-6, ECF No. 129.) The Court finds no error in Judge Bell's efforts to make sense of these filings.

In another instance, Arnold filed a motion he titled "Habeas Corpus Ad Faciendum Subjiciendum Writ / Writ of Error / Order To-Show Cause." (Case No. 2:13-CR-6, ECF No. 115.) Arnold called on then-United States Attorney General Lynch to inquire into his case. Arnold also cited the Magna Carta at length. Arnold concluded by raising state-law issues regarding his parental rights. (*Id.*) Judge Bell construed the incoherent motion as a motion for reconsideration of the amended judgment. (Case No. 2:13-CR-6, ECF No. 126 at PageID.809.) Alternatively, Judge Bell also considered the motion "as a motion to vacate set aside, or correct his sentence under 28 U.S.C. § 2255." (*Id.* at PageID.810–11.) Judge Bell concluded that Arnold had not identified a legal basis for relief. Now, Arnold has not shown how he was prejudiced by Judge Bell's orders. The Court is unaware of any basis for prejudice under the given facts and finds no error in Judge Bell's decisions.

Accordingly, the Court will deny Arnold's motion to vacate.

Arnold also filed an 18-page "Affidavit of Fact(s) and Motion for a Change in Venue." (ECF No. 12.) Arnold argues that a change in venue is necessary due to "an obvious conspiracy against" his rights in violation of 18 U.S.C. § 241. Arnold's motion to change venue is meritless. That motion will be denied. Arnold also threatened the life of the Assistant U.S. Attorney in the

5

event the Court agreed with the government's response to Arnold's motion. (*Id.* at PageID.87.) The Court reached its determination that Arnold's arguments were meritless independently. The record, facts, and underlying law support this conclusion.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Arnold has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Arnold's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Arnold's claims was debatable or wrong. Therefore, the Court will deny Arnold a certificate of appealability.

A separate order will issue.

Dated: May 10, 2018                                                                      /s/ Gordon J. Quist
                                                                                                 GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE